UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEIL FARBSTEIN,

                       Plaintiff,                  **MEMORANDUM & ORDER**
           - against -                           CV 02-6438 (DRH) (MLO)

HICKSVILLE PUBLIC LIBRARY,

                       Defendant.
----------------------------------X

**APPEARANCES :**

**NEIL FARBSTEIN**
Plaintiff Pro Se
4 Crome Road
Syosset, New York 11791-6201

**JASPAN SCHLESINGER HOFFMAN LLP**
Attorneys for Defendant
300 Garden City Plaza
Garden City, New York 11530
By: Lawrence Tenenbaum, Esq., Scott B. Fisher, Esq.

**HURLEY, District Judge:**

      Presently before the Court is Defendant Hicksville Public Library's motion to dismiss *pro se* Plaintiff Neil Farbstein's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiff has failed to sufficiently allege a claim for civil rights conspiracy, pursuant to 42 U.S.C. § 1985(3) and § 1986. (*See* Def.'s Mem. at 1.) Plaintiff opposes the motion. (*See* Pl.'s Opp'n.) Because Plaintiff has failed to allege a conspiracy involving more than one legal entity, the Court GRANTS Defendant's motion.

## BACKGROUND

The following summary of the facts is based upon both the original Complaint and the Amended Complaint. Though the Court dismissed the original Complaint in its entirety, as discussed *infra*, Plaintiff did not re-plead his entire case. Apparently, he assumed that the Court was familiar with certain specific facts that he discussed in his original Complaint. That document is now a nullity. Because Plaintiff is *pro se*, and because the Court is dismissing the Amended Complaint, the Court has no difficulty with the following liberal treatment of the pleadings.

Plaintiff initiated the instant action for religious discrimination against Defendant due to an incident that occurred on the Library premises on December 11, 1996. (Compl. ¶ 4.) On that date, Plaintiff claims that employees of Defendant "threw him out" and called the police after he "complained to the desk clerk that it was improper of her to call him a kike." (*Id.*) Subsequent to the December 11 incident, and drawing from the disputed events thereof, Defendant sent Plaintiff a letter dated December 20, 1996, which suspended his library privileges through December 20, 1998. (*See* Am. Compl. at 11.) At some point after the December 20 suspension of privileges, Defendant scheduled a hearing for Plaintiff to present an appeal. (*See* Compl. ¶ 4.) Plaintiff cancelled his appearance at the hearing due to "a prior engagement." (*Id.*)

Plaintiff thereafter initiated a small claims action against Defendant on or about December 18, 1996, in the District Court of Nassau County. (Answer ¶ 10.) Plaintiff's small claims complaint asserted claims for "false complaint to police" and alleged that "epithets were used." (*Id.*) The Honorable John G. Marks presided over the case and, on March 3, 1997, found that Plaintiff had failed to prove any liability or damages. (*See id.* ¶¶ 11-12.)

Plaintiff's suspension ended on December 20, 1998. Plaintiff alleges, however, that the Library Director did not answer Plaintiff's requests between December 20, 1998 and May 28, 2002 for permission to return to the library. (*See* Am. Compl. at 17.)

On December 9, 2002, Plaintiff commenced the instant action. The original Complaint based its claims upon "title II, title III, title VI, and title IX of the Civil Rights Act Of 1964 as codified in 42 USCS 2000a-e17 Amended in 1972 and 1978 and 42 USCS sections 1981, 1985, and 1986." (Compl. ¶ 4.) Furthermore, Plaintiff alleged that Defendant refused to grant him access to its facilities until 2002. (*Id.*) On July 28, 2003 Plaintiff filed a Motion to Amend the Complaint to add a cause of action under 42 U.S.C. § 1983. (*See* Pl.'s Mot. to Amend at 1.) Upon these claims, Plaintiff sought $1 million compensatory damages and $10 million punitive damages and a permanent injunction against Defendant enjoining it from violating his civil rights. (Compl. ¶ 5.)

In a Memorandum & Order dated June 24, 2004 (hereinafter, the "June 24 Order"), the Court granted Defendant's motion to dismiss Plaintiff's original complaint. The Court read the Complaint as alleging violations of 42 U.S.C. §§ 1981, 1985, 1986 and the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*, and found these claims deficient. Finding that the proposed amendment was futile, the Court further denied Plaintiff's motion for leave to amend the complaint.

Nonetheless, the Court granted Plaintiff leave to submit an amended complaint consistent with June 24 Order, limiting his claims to conspiracy pursuant to § 1985(3) . (*See* June 24 Order at 19.) Plaintiff was advised:

> [H]e should endeavor to provide adequate allegations of a Section 1985(3) conspiracy. Plaintiff is further advised that he should provide some minimal specificity with regard to those overt acts that purportedly occurred within the relevant time period. Finally, Plaintiff is advised that he is not granted leave to amend as to any claims under Section 1981, Section 2000a, Title III, Title VI or Title IX.

(*Id.*) Plaintiff submitted his "Amended Complaint and Memorandum" to the Court on July 20, 2004.

## STANDARDS

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief in support of his claim. *Zerilli-Edelglass v. N. Y. City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003). The issue is not how likely the plaintiff is to ultimately prevail, but whether he is entitled to even offer evidence to support his claims. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Weisman v. LeLandais*, 532 F.2d 308, 311 (2d Cir. 1976); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These standards apply with particular strictness where, as here, the complaint alleges civil rights violations. *Gant v. Wallingford Bd. of Educ.*, 69

F.3d 669, 673 (2d Cir. 1995). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted).

*DISCUSSION*

As noted above, in the June 24 Order, the Court granted Plaintiff leave to submit an Amended Complaint with regard to his § 1985(3) claim, and explicitly ruled that Plaintiff was not permitted to amend with regard to any claims under § 1981, § 2000a, Title III, Title VI or Title IX. As such, the present opinion will not address the allegations in the Amended Complaint that pertain to any claims beyond 42 U.S.C. § 1985(3) and the § 1986 claims that is predicated upon the § 1985(3) claim.

**I.**     *Section 1985(3)*

Section 1985(3) provides in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Thus, to state a cause of action under § 1985(3), Plaintiff must allege:

"(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999); *see also Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586-87 (2d Cir. 1988). A conspiracy "need not be shown by proof of an explicit agreement, but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct." *Thomas*, 165 F.3d at 146 (citation and internal quotation marks omitted). Furthermore, the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.*; *see also United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983); *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993).

Plaintiff's conspiracy allegation fails for a number of reasons. As the Court stated in its June 24 Order, in order to maintain an action under Section 1985, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Plaintiff again references a "conspiracy" by the Library in a conclusory manner without any mention of any actual agreement. (*See, e.g.,* Am. Compl. at 17 ("The Library Director, Library staff members and the Library Counsel engaged in a conspiracy to deprive the plaintiff of equal protection and of privilege given to library patrons and the staff and the director covered up acts of anti-Semitism and other violations of civil rights laws to in a conspiracy to obstruct justice.").) These factual allegations are insufficient to state a conspiracy claim for §1985(3) even under the

liberal federal pleading standards. *See, e.g., Powell v. Workmens' Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964); *Brooks v. Lange*, No. 91 Civ. 7382, 1993 WL 256553 at *3 (S.D.N.Y. July 7, 1993) ("[W]hile a *pro se* complaint must be liberally construed, . . . complaints containing only conclusory, vague, or general allegations [of] conspiracy . . . are properly dismissed") (citations omitted); *Powell v. Kopman*, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (vague and conclusory statements without specific facts are not enough).

Beyond Plaintiff's failure to provide the Court with more specific allegations, Plaintiff has also failed to allege a conspiracy involving two or more legal entities. *See* 42 U.S.C. § 1985(3) (requiring a conspiracy of "two or more persons"); *Girard v. 94th and 5th Avenue Corp.*, 530 F.2d 66, 70 (2d Cir. 1976) ("A legally sufficient § 1985(3) complaint must aver a conspiracy between two or more persons . . . .").

Though it is at times difficult to parse, the members of the alleged conspiracy are Celeste Watman, the library director; Larry Tenenbaum, the library's counsel; Debbie Delveccio, a librarian; another, unnamed librarian; and Police Sergeant Slack. (*See* Am. Compl. at 10-13.) The Court first considers those affiliated with the library.

Under the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together. *Nassau County Employee "L" v. County of Nassau*, 345 F. Supp. 2d 293, 304-05 (E.D.N.Y. 2004); *Quinn v. Nassau County Police Dep't*, 53 F. Supp. 2d 347, 359 (E.D.N.Y. 1999); *see also Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978); *Girard v. 94th and 5th Avenue Corp.*, 530 F.2d 66, 71 (2d Cir. 1976). The doctrine includes allegations of conspiratorial conduct between a public entity and its employees. *Everson v. N. Y. City Transit Auth.*, 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002). The

intracorporate conspiracy doctrine applies as much to individuals acting as temporary agents as it does to full-time employees. *See, e.g., Agugliaro v. Brooks Brothers, Inc.*, 802 F. Supp. 956, 962 (S.D.N.Y. 1992). Thus, Watman, Tenenbaum, Delveccio, and the unnamed librarian all constitute members of a single entity. *Ericson v. Syracuse University*, 35 F. Supp. 2d 326, 329 (S.D.N.Y. 1999) (holding that an attorney, acting within his capacity as the university's legal counsel, was part of the university as a legal entity). Any alleged conspiracy, then, would have to involve a second person that is not a library employee, *i.e.* neither Watman, Tenenbaum, Delveccio, nor the unnamed librarian.

Plaintiff alleges that Sergeant Slack was part of the conspiracy, in an apparent attempt to avoid the intracorporate conspiracy doctrine. Plaintiff fails to allege, however, any specifics as to how Sergeant Slack was a part of the conspiracy. As Defendant points out, "the only allegation against Sergeant Slack . . . is that . . . he failed to arrest any Library staff for making alleged false statements about Plaintiff to the police." (Def.'s Mem. at 11 n.4.)

According to the Amended Complaint, the involvement of Sergeant Slack was limited to questioning the library employees (*See* Am. Compl. at 13 ("[T]he library employees who were questioned by Sgt. Slack told him they did not believe that the civil rights laws should be enforced.")), and failing to arrest them (*See id.* (alleging that Sergeant Slack "did not care to charge the civil rights violations he was told about"). These allegations do not suggest that Sergeant Slack was involved in a conspiracy. At best the allegations indicate a police officer perhaps failing to perform his duty, but hardly the actions of a co-conspirator. *See Robinson v. Town of Colonie*, 878 F. Supp. 387, 407 (N.D.N.Y. 1995) ("[I]t would be illogical to conclude that Officer Torrey's initial response to the call, *i.e.*, conferring with store employees to

determine the nature of the call and what action the employees wanted him to take, denoted a conspiracy."). As such, the Court finds that the Amended Complaint has failed to allege a conspiracy involving Sergeant Slack.

Thus, because the alleged conspiracy only involves members of a single entity, the Hicksville Public Library, it is not a "conspiracy" within the meaning of the statute. *See Nassau County Employee "L"*, 345 F. Supp. 2d at 304-05.[1] Accordingly, Plaintiff has failed to plead a conspiracy to violate his civil rights pursuant to § 1985(3) and Defendant's motion to dismiss the § 1985(3) claim is granted.

**II.    *Section 1986***

It is well-established that a violation of § 1986 is predicated on a violation of § 1985, as the former provides a remedy for the violation of the latter. *See, e.g., Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim . . . ."). Because Plaintiff has not adequately plead a violation of § 1985, he cannot succeed on a § 1986 claim. As a result, Defendant's motion to dismiss the § 1986 claim is granted.

---

[1] Plaintiff attempts to avoid the intracorporate conspiracy doctrine by alleging a "larger conspiracy to violate the plaintiff's civil rights," involving Celeste Watman's "communication with the staffs of the Syosset and Plainview Public Libraries. (*See* Am. Compl. at 13.) It is unclear whether different public libraries are the same legal entity. The Court need not address that issue, however, because the allegations regarding the "larger conspiracy" lacks any specificity. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.")

*CONCLUSION*

Defendant's motion to dismiss the Amended Complaint is GRANTED and Plaintiff's Amended Complaint is dismissed in its entirety. The Clerk of the Court is directed to CLOSE this case.

**SO ORDERED**

Dated:     Central Islip, New York            /s/
              February 2, 2006            Denis R. Hurley, U.S.D.J.